

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2004

# Skretvedt v. EI DuPont de Nemours

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2805

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Skretvedt v. EI DuPont de Nemours" (2004). *2004 Decisions.* Paper 780.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/780

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2805

_____

ORRIN T. SKRETVEDT,
                                        Appellant

v.

EI DUPONT DE NEMOURS, a Delaware corporation; PENSION RET
PLAN; HOSPITAL AND MEDICAL-SURGICAL PLAN; DENTAL ASSISTANCE
PLAN; NONCONTRIBUTORY GROUP LIFE INSURANCE PLAN;
CONTRIBUTORY GROUP LIFE INSURANCE PLAN; TOTAL AND PERMANENT
DISABILITY INCOME PLAN; SAV INV PLAN; TAX REFORM ACT STOCK
OWNERSHIP PLAN; SHORT TERM DISABILITY PLAN.

_____

On Appeal from the United States District Court
for the District of Delaware
Civil Action No. 98-cv-00061
Magistrate Judge: Honorable Mary P. Thynge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 20, 2004

_____

Before: SCIRICA, GARTH, and BRIGHT,* Circuit Judges

( Filed: April 23, 2004)

_____

OPINION

_____

* Honorable Myron H. Bright, United States Court of Appeals for the Eighth
Circuit, sitting by designation.

_____

Garth, <u>Circuit</u> <u>Judge</u>:

Orrin Skretvedt appeals from a District Court Order (i) granting his motion for attorney's fees and costs (albeit reducing his application from $226,000 to $182,163.45), and (ii) denying his motion to strike a brief submitted by E.I. DuPont De Nemours ("DuPont"). For the reasons that follow, we will affirm.

**I.**

Because we write solely for the benefit of the parties, we recount the facts and the procedural history of the case only as they are relevant to the following discussion. Skretvedt sued DuPont, his former employer, seeking two forms of long-term disability benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* The District Court ruled in DuPont's favor on summary judgment, but a three-judge panel of this Court reversed and vacated that ruling on appeal. *See Skretvedt v. E.I. DuPont de Nemours & Co.,* 268 F.3d 167, 184 (3d Cir. 2001). The panel found that the evidence clearly demonstrated that Skretvedt was eligible for "Incapability Benefits" and it remanded for a new determination by DuPont on Skretvedt's application for "Total and Permanent Disability Income Plan" benefits ("T&P Benefits"). *See id.* at 170.

The panel noted that Skretvedt had also requested attorney's fees under ERISA's discretionary fee-shifting provision. Rather than decide that matter on appeal, however,

the panel remanded to the District Court with instructions that Skretvedt's request be considered under the five-factor analysis set forth in *McPherson v. Employees' Pension Plan of Am. Re Insurance Co.,* 33 F.3d 253, 254 (3d Cir. 1994). *See Skretvedt,* 268 F.3d at 185 n.10.

On remand, DuPont awarded Skretvedt T&P Benefits. That favorable ruling prompted Skretvedt to file a motion seeking short-term benefits because DuPont purportedly awards such benefits in cases where it awards long-term benefits. When the Magistrate Judge[1] denied his motion, Skretvedt moved for reconsideration.

Meanwhile, Skretvedt renewed his request for attorney's fees by filing a motion in the District Court on September 3, 2002 seeking attorney's fees and costs from DuPont. Skretvedt filed that motion while his motion for reconsideration was still pending. Under the local court rules, DuPont had until September 13, 2002 to file its answering brief. *See* D. Del. LR. 7.1.2 (stating that an answering brief "shall be served and filed no later than 10 days after service and filing of the opening brief"). DuPont informed the Magistrate Judge by letter on September 16, 2002 that it believed Skretvedt's motion for attorney's fees was premature in light of the then-pending motion for reconsideration on short-term benefits and that it would submit a formal answering brief once the matter became ripe.

On November 12, 2002, the Magistrate Judge denied Skretvedt's motion for

---

[1] A December 17, 1999 entry in the District Court's docket suggests the parties consented to the exercise of jurisdiction by a magistrate judge.

reconsideration. Two weeks later, DuPont wrote a second letter to the Magistrate Judge confirming that it would submit its answering brief by December 16, 2002, which it did. Skretvedt moved to strike DuPont's brief on the ground that it was untimely under the local rules.

The Magistrate Judge ultimately granted Skretvedt's motion for attorney's fees, although she reduced the requested amount from approximately $226,000 to $182,163.45. In reaching her decision, the Magistrate Judge carefully weighed the *McPherson* factors in a 26-page written opinion. The Magistrate Judge denied Skretvedt's motion to strike DuPont's brief, stating that "Plaintiff's counsel provided no legitimate basis for striking defendants' answering brief."

Skretvedt now appeals both aspects of the Magistrate Judge's ruling. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

## II.

Skretvedt first contends that the District Court abused its discretion when it denied his motion to strike DuPont's answering brief. This argument is without merit. A district court abuses its discretion if its decision is based on a clearly erroneous finding of fact, an incorrect conclusion of law, or an errant application of law to fact. *Johnston v. HBO Film Mgmt., Inc.,* 265 F.3d 178, 183 (3d Cir. 2001). Under the local rules, the District Court had discretion to decide whether to impose a sanction and, if so, what type of sanction was appropriate. *See* D. Del. LR. 1.3(a). While the explanation given by the Magistrate

Judge for denying Skretvedt's motion to strike DuPont's brief was by no means lengthy, it is fair to conclude that the Magistrate Judge agreed with DuPont that the request for attorney's fees did not become ripe until there was a final decision on Skretvedt's motion for reconsideration.

Skretvedt's second argument on appeal is that the Magistrate Judge should not have reduced the amount of attorney's fees and costs. The same standard of review applies to this ruling, namely, abuse of discretion. *See Silberman v. Bogle,* 683 F.2d 62, 64-65 (3d Cir. 1982). We do not find any abuse of discretion. The Magistrate Judge did an exhaustive and comprehensive analysis of all the factors that we require be considered for an award of attorney's fees under ERISA. We have reviewed the Magistrate Judge's decision with great care and will affirm.

### III.

For the foregoing reasons, the May 9, 2003 (entered May 13, 2003) Order and Judgment of the United States Magistrate Judge for the District Court of Delaware will be AFFIRMED.